# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOCTOR JOHN'S INC., <br><br> Plaintiff, <br><br> v. <br><br> VILLAGE OF CAHOKIA, ILLINOIS, <br><br> Defendant. | Case No. 3:18-cv-00171-JPG-RJD |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Doctor John's Inc. wants to open a risqué adult store in Cahokia, Illinois. So to begin their endeavor, they leased a building in a B-1 (Neighborhood Business District) zone—which only permits businesses:

> "supplying commodities or performing services primarily for residents of the day-to-day basis including groceries, supermarkets, fruit and vegetable stores, garden supply stores, drug stores, barber shops, beauty parlors, clothes cleaning and laundry pick-up stores, and self- service laundry."

(Am. Compl. ¶ 21, ECF No. 33.) Even though the B-1 ordinance does not allow for adult stores, Doctor John's applied for a business license anyways—which the Village Clerk denied pursuant to the text of the ordinance. (Am. Compl. Ex. B, ECF No. 33-2.) And then, two days later, the Village enacted a different ordinance which generally regulates certain types of adult businesses. (Am. Compl. Ex. D, ECF No. 33-4.) Doctor John's thought that new ordinance infringed on their constitutional rights, so they brought suit against Cahokia in this Court under 42 U.S.C § 1983 for violations of the First, Fifth, and Fourteenth Amendments. The Village has now moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing, among other reasons. (ECF No. 39.)

1

There is a fatal problem in this case: the Court cannot remedy what ails Doctor John's. That is because Article III of the Constitution only permits this Court to preside over justiciable "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. And a dispute is not a justiciable case or controversy unless the Court can end the dispute—meaning it must be "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 38, 43 (1976)). So if a plaintiff could win a case but still not receive any redress for their injury, then the Court must dismiss the case for want of a case or controversy. *Harp Advert. Illinois, Inc. v. Vill. of Chicago Ridge, Ill.*, 9 F.3d 1290, 1292–93 (7th Cir. 1993).

And that is exactly the problem here: even if Doctor John's succeeds in its constitutional challenge of the adult-businesses ordinance, it nevertheless cannot open its store—it would still be located in a B-1 (Neighborhood Business District) zone, which does not provide for businesses of its kind. And although Doctor John's had the burden of establishing that the Court could somehow redress their injury, *Lujan*, 504 U.S. at 561, and even when accepting as true all well-pleaded factual allegations in their complaint and construing them in the light most favorable to Doctor John's, *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996), the company has presented no credible argument in support of their case.

They instead argue that the Village should have allowed them to operate under the B-1 ordinance anyways because Doctor John's is willing to alter its product mix to conform with the B-1 restrictions. But no matter which way you slice it, the company's proposed use is still not a store that provides goods and services for neighborhood residents on a "day-to-day basis" in the manner of "supermarkets, fruit and vegetable stores, garden supply stores, drug stores, barber shops, beauty parlors, clothes cleaning and laundry pick-up stores, and self- service laundry." And

even if the company's argument had any merit to it (it does not), this Court is not a state board of zoning appeals. *See River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 165 (7th Cir. 1994). The Court accordingly must **GRANT** the Village's motion (ECF No. 39) and dismiss this action **WITHOUT PREJUDICE** for want of a case or controversy. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: JANUARY 31, 2019**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
