# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOCTOR JOHN'S INC.,

    Plaintiff,

v.

VILLAGE OF CAHOKIA, ILLINOIS,

    Defendant.

Case No. 3:18-cv-00171-JPG-RJD

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

The Court previously dismissed this First Amendment zoning ordinance case without prejudice because the plaintiff lacked standing pursuant to Article III of the United States Constitution. (ECF Nos. 56, 57.) Two days before the dismissal, Magistrate Judge Reona J. Daly imposed sanctions—including attorney's fees—against the plaintiff's counsel under Federal Rule of Civil Procedure 37(a)(5)(A) for counsel's repeated failure to comply with discovery requests in this case. (ECF No. 55.) Magistrate Judge Daly specifically instructed the defendant's counsel to "submit to the Court the expenses, including attorney's fees, incurred for preparation of the discovery dispute conferences and motion to compel." (*Id.* at 2.) The defendant's counsel did so (ECF No. 58), and Magistrate Judge Daly has since issued a Report and Recommendation advising this Court to grant the defendant's fee petition in-part and award $6,707.83 to the defendant for attorney's fees and costs incurred as a result of the plaintiff's counsel's conduct. (ECF No. 66.)

The plaintiff now objects to that Report and Recommendation, so this Court has reviewed the matter *de novo*. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999), FED. R. CIV. P. 72(b)(3). The plaintiff argues that since the Court dismissed this matter without prejudice for lack of Article III standing, it accordingly does not have jurisdiction to enforce discovery sanctions for conduct that violated Rule 37 during the lifespan of this case. The plaintiff did not cite a single

1

case in its objection, and if it did, it would have found that the United States Supreme Court has already rejected its argument. *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992). *Willy* explained how the Federal Rules of Civil Procedure came into being: Article I, § 8, cl. 9 of the Constitution gives Congress the authority to establish the federal district courts; Congress then designated authority to the Supreme Court to create rules to govern those district courts pursuant to the Rules Enabling Act, 28 U.S.C. § 2072; and the Supreme Court then promulgated the Federal Rules of Civil Procedure. *Id.* at 134–37. And as *Willy* then explained, an order dismissing a case for lack of jurisdiction "does not automatically wipe out all proceedings had in the district court [pursuant to those federal rules] at a time when the district court operated under the misapprehension that it had jurisdiction." *Id.* at 137. Specifically, orders on sanctions—whether they be under Rule 11 as in *Willy* or under Rule 37 as here—are "collateral to the merits" and focus instead on an attorney's conduct under the Federal Rules of Civil Procedure during a civil case. "It therefore does not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction." *Id.* at 138. The plaintiff's argument here is accordingly without merit.

In the alternative, the plaintiff argues that he should be excused from his discovery obligations in this case because there was a pending (and contested) motion to dismiss on file at the time of those obligations, meaning that "the Defendant never contemplated preparing for trial, as Defendant contended from the beginning that there was not a case or controversy over which this Court had jurisdiction." (ECF No. 67, p. 3.) Attorneys are never excused from their obligations under the Federal Rules of Civil Procedure simply because there is a contested dispositive motion still pending. Such an argument stretches the bounds of reason and professional conduct to extreme levels.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Daly's Report and Recommendation in its entirety (ECF No. 66); **GRANTS IN PART** and **DENIES IN PART** the defendant's motion for costs and attorney's fees (ECF No. 58); and **ORDERS** counsel for the plaintiff to pay $6,707.83 to the defendant for attorney's fees and costs incurred as a result of the plaintiff's conduct that gave rise to this discovery dispute.

**IT IS SO ORDERED.**

**DATED: APRIL 11, 2019**

                                           **s/ *J. Phil Gilbert***
                                           **J. PHIL GILBERT**
                                           **U.S. DISTRICT JUDGE**